# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY TERRELL ROBINSON, <br> 18099-041, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 19-cv-00395-JPG <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on a Motion to Dismiss filed by Defendant United States of America. (Doc. 18). Defendant seeks dismissal of the federal tort claim against it pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (*Id.*). For the reasons set forth below, the Motion to Dismiss shall be **GRANTED** and this case **DISMISSED**.

### PROCEDURAL HISTORY

This is one of two cases Plaintiff Tony Terrell Robinson brought against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, for an alleged violation of Illinois tort law prohibiting retaliatory discharge. The first suit was opened on February 2, 2018.[1] *Robinson v. Morris, et al.*, No. 18-cv-164-JPG (S.D. Ill.) (Doc. 1) ("Case 18-164"). The instant case was filed on April 10, 2019. (Doc. 1).

Both cases involve the same parties, the same events, and the same FTCA claim.[2] In both, Plaintiff asserts he was unlawfully terminated from his position as a library orderly at the Federal

---

[1] Case 18-164 was severed from *Robinson v. Morris*, No. 17-cv-1381-JPG (S.D. Ill. filed Dec. 22 2017), on February 1, 2018.
[2] Case 18-164 also involves claims brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), which are not relevant to the instant action or pending motion to dismiss.

1

Correctional Institution in Greenville, Illinois ("FCI-Greenville") in April 2017, after he complained about a change in the library's policy. (Doc. 1, p. 4). The new library policy required inmates to skip their evening meal in order to visit the law library after 4:00 p.m. (*Id*.). When Plaintiff expressed his opinion that the prison had enough staff to cover evening meals and evening library access, he was deemed a security threat and terminated from his position. (*Id*.). Plaintiff was threatened with a transfer when he later questioned the basis of his termination. (*Id*.). Following screening under 28 U.S.C. § 1915A, Plaintiff was allowed to proceed with a single FTCA claim against the United States under Illinois retaliatory discharge law for terminating Plaintiff from his library orderly position at FCI-Greenville in April 2017. (Doc. 11, p. 2; Doc. 36, pp. 3-5, 7-8, Case 18-164). The United States sought dismissal of both cases on different grounds. (Doc. 18, filed Aug. 27, 2019; Doc. 47, filed Feb. 15, 2019, Case 18-164).

In a Motion to Dismiss or, in the Alternative, a Motion for Summary Judgment filed in Case 18-164, the Government argued that Plaintiff failed to exhaust his remedies before filing suit. (Doc. 47, Case 18-164). This Court agreed and dismissed Case 18-164 on December 23, 2019. (Doc. 71, Case 18-164). The dismissal was without prejudice. (*Id*.).

In the Motion to Dismiss the pending action, the Government seeks dismissal of the FTCA claim under Rule 12(b)(6). (Doc. 18). The Government argues that Plaintiff is not an employee who can bring a claim for retaliatory discharge under Illinois tort law and, even if he is, Plaintiff's FTCA claim is pre-empted by the Civil Service Reform Act ("CSRA").[3] (Doc. 18). Plaintiff concedes that he was not acting as an employee of the Federal Government when serving as a library orderly and is therefore not covered by the CSRA. (Doc. 19).

---

[3] Plaintiff raised the same argument in Case 18-164, but the Court dismissed that case on exhaustion grounds. (*See* Doc. 71).

2

## LEGAL STANDARD

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) is to decide the adequacy of the Complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In order to survive a Rule 12(b)(6) motion, the Complaint must allege enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A Plaintiff need not plead detailed factual allegations, but he or she must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 570. When considering a Rule 12(b)(6) motion for dismissal, the Court must accept well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

## ANALYSIS

The Federal Tort Claims Act ("FTCA") allows "federal inmates [to] bring suit for injuries they sustain in custody as a consequence of the negligence of prison officials." *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014); 28 U.S.C. § 1346(b)(1). Courts considering an FTCA claim look to the tort law of the state where the tortious conduct occurred. *Augutis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013). The conduct giving rise to this case occurred at FCI-Greenville in Illinois. The Court therefore looks to Illinois law when analyzing his claim.

In order to state a claim for retaliatory discharge under Illinois law, an "employee must prove: (1) the employer discharged the employee, (2) the discharge was in retaliation for the employee's activities (causation), and (3) the discharge violates a clear mandate of public policy."

*Sweeney v. City of Decatur*, 79 N.E.3d 184, 190 (Ill. App. Ct. 2017) (quoting *Michael v. Precision Alliance Group, LLC*, 21 N.E.3d 1183, 1188 (Ill. 2014)) (internal quotations omitted).

Plaintiff's FTCA claim, arising from his termination as a library orderly, hinges on his status as an *employee*. Illinois law does not recognize retaliatory discharge claims brought by non-employees. *See, e.g., Lewis v. Marmon Group, LLC*, 2014 WL 4357603, *4 (N.D. Ill. 2014) ("Illinois law does not recognize a claim for retaliatory discharge by independent contractors."); *New Horizons Electronics Marketing, Inc. v. Clarion Corp.*, 561 N.E.2d 283, 285 (Ill. App. Ct. 1990) (upholding dismissal of action for retaliatory discharge brought by a non-employee of the defendant). While serving as a library orderly, Plaintiff was not acting as an employee of the Federal Bureau of Prisons. Plaintiff concedes this point and points to no law suggesting otherwise. (Doc. 24).

The BOP has broad discretion when regulating and administering prison employment, *see* Inmate Work and Performance Pay Program, 28 C.F.R. § 545.20, *et seq*. Courts have frequently held that prison inmates do not qualify as "employees" who are subject to typical employment laws. *See, e.g., Vanskike v. Peters, III*, 974 F.2d 806, 808-10 (7th Cir. 1992) (Fair Labor Standards Act); *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991) (Title VII and Age Discrimination in Employment Act); *See also DeWeese v. State of Illinois Dept. of Public Safety*, 28 Ill. Ct. Cl. 230 (Ill. Ct. Cl. 1973) (Workmen's Compensation Act and Health and Safety Act); *Moore v. State of Illinois*, 21 Ill. Ct. Cl. 282 (Ill. Ct. Cl. 1951) (Health and Safety Act). Plaintiff's position as an inmate library orderly does not qualify him as an employee within the meaning of Illinois tort law. The FTCA claim (Count 1), and this action, shall be dismissed with prejudice.[4]

---

[4] To the extent Plaintiff disagrees, this Order does not preclude him from pursuing relief under the Civil Service Reform Act by filing a claim with the Merit Systems Protection Board and an appeal with the Federal Circuit. *See Ayrault v. Pena*, 60 F.3d 346 (7th Cir. 1995). However, this Court lacks jurisdiction over such claims and therefore takes no position regarding the merits of the claim.

## DISPOSITION

**IT IS ORDERED** that, for the reasons, set forth above, Defendant's Motion to Dismiss (Doc. 18) is **GRANTED** pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. **COUNT 1** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Plaintiff's Motion to Consolidate Related Case (Doc. 15) and Defendant's Motion to Stay Answer Deadline or, in the Alternative, Motion for Extension of Time (Doc. 17) are **DISMISSED** as **MOOT**. This action is **DISMISSED** with prejudice, and judgment will be entered accordingly.

**DATED: March 20, 2020**

                                              s/J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **United States District Judge**